UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA


| | |
|---|---|
| Randy Drummond, | ) C/A No. 2:11-0142-TLW-RSC |
| | ) |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| | ) |
| State of South Carolina, et al., | ) |
| | ) |
| Respondent. | ) |

### Background of this Case

Petitioner is a resident of Spartanburg County. Petitioner is a former inmate of the South Carolina Department of Corrections. Information disclosed by Petitioner in a pending case, *Drummond v. Ozmint, et al.*, Civil Action No. 2:10-2423-TLW-RSC, indicates that he was released from the South Carolina Department of Corrections in November of 2010. It is not clear from the Petition whether Petitioner "maxed out" his sentences or was released on probation or parole. In the above-captioned case, Petitioner has submitted a "PETITION FOR WRIT OF ERROR CORAM NOBIS" based on newly discovered evidence. "Petitioner further gives notice of the retraction of his November 4, 2004 guilty plea." (Petition [ECF No. 1], at page 6.

1

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner cannot bring a *coram nobis* action in federal court because the writ of *coram nobis* has been abolished. See Fed. R. Civ. P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."); *Lowery v. McCaughtry*, 954 F.2d 422, 423-24 (7th Cir. 1992); *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (noting abolition of "writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review"); *McKelvey v. Rivera*, Civil Action No. 4:10-422-HFF-TER, 2010 WL 2985965, *1 n. 3 (D.S.C. June 18, 2010) ("The writ of *coram nobis* has been abolished in federal civil practice."), *adopted*, 2010 WL 2985963 (D.S.C. July 27, 2010), *affirmed*, *McKelvey v. Rivera*, No 10-7253, 2010 WL 5439707 (4th Cir. Dec 29, 2010); and *Mosbarger v. Superior Court of Contra Costa*, No. C 95-4072 MMC, 1995 WL 743721 (N.D. Cal. Dec. 8, 1995).

In any event, Petitioner has filed his petition for a writ of *coram nobis* in the wrong court. A petition for writ of *coram nobis* or a petition for writ of *coram vobis* is to be filed in the court

3

in which the judgment was rendered. See *Lowery v. McCaughtry*, 954 F.2d at 423; and *Mosbarger v. Superior Court of Contra Costa*, 1995 WL 743721, *1 n. 2. Hence, Petition should have been filed in the Court of General Sessions for Greenville County.

With respect to his convictions, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. See 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner has exhausted his state court remedies, he has, in the case at bar, submitted a successive habeas corpus petition.

In *Randy Drummond v. State of South Carolina and Tim Riley, Warden of Tyger River Correctional Institution*, Civil Action No. 2:07-3031-TLW-RSC, Petitioner on September 10, 2007, brought a Section 2254 action to challenge his convictions for grand larceny and failure to stop for a blue light with bodily injury, which had been entered in the Court of General Sessions for Greenville County. After Petitioner brought the case into "proper form" by submitting an amended petition, the undersigned directed the respondents to file an answer or return.

After receiving an extension of time, the respondents in Civil Action No. 2:07-3031-TLW-RSC on December 27, 2007, filed a return,

4

memorandum, and motion for summary judgment. The undersigned on January 2, 2008, issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner filed his response on January 4, 2008.

In a Report and Recommendation filed in Civil Action No. 2:07-3031-TLW-RSC on February 29, 2008, the undersigned recommended that the respondents' motion for summary judgment be granted. The parties were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Petitioner filed his objections on March 10, 2008, and a supplement on April 30, 2008.

In an order filed in Civil Action No. 2:07-03031-TLW-RSC on August 18, 2008, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondents. On September 8, 2008, Judge Wooten denied Petitioner's motion for reconsideration.

Petitioner's two separate Notices of Appeals in Civil Action No. 2:07-3031-TLW-RSC (Fourth Circuit Docket No. 08-8068) were not successful. On March 12, 2009, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *Drummond v. State of South Carolina*, No. 08-8068, 316 Fed.Appx. 260, 2009 U.S. App. LEXIS 4997, 2009 WL 631462 (4th Cir. March 12, 2009). The docket sheet in Civil Action No. 2:07-3031-TLW-RSC also shows that the

Court of Appeals subsequently denied Petitioner's motion for rehearing and rehearing *en banc*. Also, on October 21, 2009, the Court of Appeals denied Petitioner's request for a writ of mandamus. *In re Drummond*, No. 09-1595, 333 Fed.Appx. 760, 2009 U.S. App. LEXIS 23019, 2009 WL 3368423 (4th Cir. Oct. 21, 2009).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 2:07-3031-TLW-RSC was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 2:11-0142-TLW-RSC) is successive.[2]

This court may take judicial notice of Civil Action No. 2:07-3031-TLW-RSC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

---

[2] In light of the successiveness of the Petition, it is not necessary to determine whether Petitioner is "in custody."

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

## *Recommendation*

Accordingly, it is recommended that the "PETITION FOR WRIT OF ERROR CORAM NOBIS" be dismissed *without prejudice and without requiring Respondent to file an answer or return.* See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

January 31, 2011  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).