IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Drummond, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:11-cv-142-TLW-RSC |
| ) | |
| State of South Carolina, et al., ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

The petitioner, Randy Drummond ("petitioner"), filed a petition for writ of error coram nobis, pro se, on January 19, 2011. (Doc. # 1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr to whom this case had previously been assigned. (Doc. # 8). In the Report, the Magistrate Judge recommends that the District Court dismiss this petition for writ of error coram nobis without prejudice and without requiring the respondent to file an answer or return. (Doc. # 8). The plaintiff filed objections to the Report. (Doc. # 10). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

1

>objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In his objections, the petitioner requests that his petition for writ of error coram nobis be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). In his petition, the petitioner also requests that the petition alternatively be construed as a Rule 60(b)(2) motion. Construed as a Rule 60(b) motion, the petition for writ of error coram nobis is seeking relief from this Court's dismissal of the petitioner's habeas petition under 28 U.S.C. § 2254. See Drummond v. State of South Carolina, No.: 2:07-cv-3031-TLW-RSC. "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (quoting 28 U.S.C. § 2254 Rule 12) (alteration in original). A Rule 60(b) motion that seeks vindication of one or more "claims" is, "if not in substance 'a habeas corpus application,' at least similar enough that failing to subject it to [the requirements of 28 U.S.C. § 2244] would be 'inconsistent with'" the federal statutory provisions and rules applicable to habeas proceedings. Id. at 531 (citing 28 U.S.C. § 2254 Rule 12). The plaintiff's Rule 60(b) motion seeks relief from this Court's prior judgment based on newly discovered evidence. See Fed. R. Civ. P. 60(b)(2). This Court concludes that the Rule 60(b) motion seeks vindication of one or more claims and should therefore be considered a successive habeas petition which is subject to the requirements of 28 U.S.C. § 2244, including seeking leave from the Fourth Circuit Court of Appeals to file a successive habeas petition. Gonzalez, 545 U.S. at 530-31 (construing a Rule 60(b)

motion as containing a claim where the motion seeks relief based on newly discovered evidence). The petitioner has not demonstrated he has sought such leave. Additionally, a Rule 60(b) motion based on newly discovered evidence must be made within a reasonable time but no more than a year after the entry of the judgment or order from which relief is sought. Fed. R. Civ. P. 60(c). As noted in the Report, this Court granted summary judgment to the respondents on the petitioner's Section 2254 petition on August 18, 2008, and filed an Order on September 8, 2008, denying the petitioner's motion to alter or amend judgment. (No.: 2:07-cv-3031-TLW-RSC; Docs. 48, 52). The petitioner's appeal to the Fourth Circuit was dismissed on March 12, 2009, and his motion for rehearing and rehearing en banc was subsequently denied. (No.: 2:07-cv-3031-TLW-RSC; Docs. 62, 64). The petitioner filed the motion currently before the Court in January 2011, which is more than a year after the order or judgment from which he is seeking relief. As a result, the petitioner's motion for relief from judgment is not timely under Federal Rule of Civil Procedure 60(c). Based on the foregoing, the petitioner's petition for writ of error coram nobis is still subject to dismissal even if it is construed as a Rule 60(b) motion.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 8). Therefore, for the reasons articulated by the Magistrate Judge, this petition for writ of error coram nobis is **DISMISSED** without prejudice and without requiring the respondent to file an answer or return.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of

appealability as to the issues raised herein.  The petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten  
United States District Judge

May 27, 2011  
Florence, South Carolina